IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK W. RODRIGUEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:20-cv-140 |
| MOHAMAD TOUHAMI, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Frank W. Rodriguez, Jr., an inmate formerly confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff claims he was subjected to a use of excessive force by Defendant Mohamed Touhami and three unknown correctional officers on May 8, 2015. Additionally, Plaintiff claims Defendants Frank Rigsby and Joe Collins were present during the use of force and failed to intervene.

The Defendant's Motion

Defendant Touhami has filed a Motion for Summary Judgment limited to the exhaustion of administrative remedies. The Defendant asserts there is no material fact that Plaintiff failed exhaust administrative remedies regarding the claims which form the basis of this lawsuit. Accordingly, the Defendant claims the action should be dismissed based on Plaintiff's failure to exhaust

administrative remedies. Plaintiff has filed a Response to the Motion (doc. #15). Accordingly, the matter is now ripe for consideration.

## Standard of Review

*Summary Judgment*

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment carries the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). "Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." *Commander v. BASF Wyandotte Corp.*, 978 F.2d 924, 927 n.4 (5th Cir. 1992). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v.*

*Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).

## Analysis

*Exhaustion*

Here, the Defendant moves for summary judgment regarding Plaintiff's claims against him because Plaintiff did not properly exhaust his allegations against him through both steps of the TDCJ-CID grievance procedure in accordance with the applicable grievance rules prior to filing this lawsuit.

Section 1997e of the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997-1997j, requires prisoners to exhaust administrative remedies before initiating a prison conditions case. The statute provides in pertinent part the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Texas Department of Criminal Justice, Correctional Institutions Division currently employs a two step grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). The prisoner must pursue the grievance through both steps of the procedure for his claims to be considered exhausted. *Id.* The formal grievance procedure available for inmates confined in TDCJ-CID take approximately ninety days to exhaust and are outlined in the Offender Orientation Handbook. *See* https://tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.

The first step in the formal grievance procedure, Step 1 (I-127 form), involves the prisoner submitting a grievance to the unit grievance coordinator. The Step 1 grievance must be submitted within 15 days from the date of the alleged incident. Step 1 of the grievance process may take up to 40 days from the date the unit grievance office receives the Step 1 form for prison officials to respond or 45 days for medical grievances.

The second step in the grievance procedure, Step 2 (I-128 form), involves the prisoner submitting an appeal to the division grievance investigator. A Step 2 grievance must be submitted within 15 days from the date the Step 1 grievance is returned to the offender. The Step 2 process may take up to 40 days for prison officials to provide a written response or 45 days for medical grievances.

Administrative remedies must be exhausted regardless of the type of relief sought in the lawsuit and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson*, 385 F.3d at 516-17. "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

The competent summary judgment evidence in this case shows that there is no genuine issue of material fact that Plaintiff failed to properly exhaust the available grievance procedure by submitting sufficiently detailed grievances in a procedurally correct manner through all steps of the grievance procedure prior to filing this action. Plaintiff's Step 1 grievance was filed more than twenty-one months after the incident and was denied because the grievance period had expired.

While Plaintiff claims he should be exempt from the exhaustion requirement because his attempts to obtain grievance forms were thwarted by prison officers, Plaintiff's unsubstantiated assertions do not demonstrate the grievance process was not available to him. In fact, a review of Plaintiff's grievance records reveals Plaintiff filed no less than twenty-one other grievances between the time of the incident which forms the basis of this lawsuit and the time he filed the grievance related to this incident.

The Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91.

The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.*

The Fifth Circuit has also rejected the excuse that an inmate was unable to obtain pre-printed prison grievance forms. *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). Thus, even assuming, *arguendo*, it is true Plaintiff was not provided a pre-printed grievance form, this does not change the fact that he had the means to write one himself. *See id.* Moreover, as set forth above, a review of Plaintiff's grievance records reveals Plaintiff filed numerous grievances at both levels of the grievance process before fling the grievance concerning the incident which forms the basis of this complaint.

Here, Plaintiff did not properly pursue his claims through all steps of the grievance process in a procedurally correct manner prior to filing his complaint. Accordingly, because Plaintiff failed to properly exhaust the available administrative remedies as required by 42 U.S.C. § 1997e, the Defendant's Motion for Summary Judgment should be granted.[1]

## Recommendation

The Defendant's Motion for Summary Judgment should be granted, and Plaintiff's Complaint should be dismissed.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

---

[1] This Motion for Summary Judgment was filed by the only Defendant to have been served at the present time, Defendant Mohamed Touhami. The remaining Defendants have not been served at this time and did not join in the Motion for Summary Judgment. An unserved Defendant, however, is entitled to the benefit of an appearing Defendant's favorable summary judgment motion. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); *McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794 (5th Cir. 2007); *Salter v. United States*, No. 5:09cv575, 2010 WL 796588 (E.D. Tex. Mar. 8, 2010). Accordingly, Plaintiff's claims against the remaining Defendants should also be dismissed.

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 21st day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE