IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK W. RODRIGUEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv140 |
| MOHAMAD TOUHAMI, ET AL. | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Frank W. Rodriguez, Jr., an inmate formerly at the Lewis Unit of the Texas

Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the

above-styled lawsuit.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate

Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge recommends granting the defendant's motion for summary judgment and

dismissing the complaint.

The court has received and considered the Report and Recommendation of United States

Magistrate Judge filed pursuant to such referral, along with the record and pleadings.  Plaintiff filed

objections to the magistrate judge's Report and Recommendation.  This requires a *de novo* review

of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).

After careful review and consideration, the court concludes plaintiff's objections are without

merit.  Plaintiff contends he should be excused from the exhaustion requirement in this case because

his attempts to obtain grievance forms were thwarted by prison officials.  In his complaint, plaintiff

stated he was not able to utilize the grievance remedy system for several weeks following the alleged

use of excessive force because guards would not give him any grievance forms and his property was confiscated, leaving him without a pen or the ability to buy writing supplies for six months.  (ECF No. 2 at *11-12).  Additionally, in response to the defendant's motion for summary judgment, plaintiff stated he could not procure a grievance form until late October, 2015.  (ECF No. 15 at *12).  However, plaintiff's allegations that prison officials attempted to thwart his exhaustion are contrary to the Step One grievance form itself which plaintiff signed and dated on May 22, 2015.  (ECF Nos. 2-1 at *35-36 and 9-1 at *23).  Further, plaintiff has failed to provide an explanation to excuse the excessive delay of almost two years, from May 22, 2015 until February 14, 2017, before he submitted his Step One grievance on February 14, 2017, especially in light of his prolific use of the grievance procedure for other issues during the same period of time.

There is no competent summary judgment evidence before the court showing plaintiff properly exhausted the available grievance procedure by timely submitting a grievance in a procedurally correct manner through all steps of the grievance procedure prior to filing this action. Nor does the record demonstrate plaintiff should be excused from the exhaustion requirement. Accordingly, the defendant's motion for summary judgment should be granted.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  It is therefore

ORDERED that the defendant's motion for summary judgment is **GRANTED**.  A final

judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this the **19** day of **September, 2022.**

Thad Heartfield
United States District Judge